# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RODNEY CHOATE, on behalf of the MRMC
ESOP, and on behalf of a class of other
persons similarly situated,

 Plaintiff,

v.

WILMINGTON TRUST, N.A. as successor to
Wilmington Trust Retirement and Institutional
Services Company,

 Defendant.

No. 1:17-cv-250-RGA

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between Plaintiff Rodney Choate, individually and on behalf of the Class (as defined below), and Defendant Wilmington Trust, N.A. ("Wilmington Trust" or "Defendant") (Plaintiff and Defendant collectively referred to as "Parties").

### RECITALS

WHEREAS, on March 10, 2017, Lyle J. Guidry, on behalf of a putative class of participants and beneficiaries in the MRMC ESOP, filed a complaint against Wilmington Trust in the United States District Court for the District of Delaware (the "Court"), Case No. 17-cv-250 alleging that Wilmington Trust violated the Employee Retirement Income Security Act of 1974 in connection with the MRMC ESOP's acquisition in 2012 and 2013 of the stock of Martin Resource Management Corporation ("MRMC");

WHEREAS, on April 28, 2017, Plaintiff Rodney Choate filed a complaint in the United States District Court for the District of Delaware, Case No. 17-cv-482, alleging similar facts and claims against Wilmington Trust;

WHEREAS, on May 17, 2017, the Court entered an Order consolidating the two actions;

WHEREAS, a consolidated Amended Class Action Complaint was filed on May 30, 2017 (the "Amended Complaint");

WHEREAS, Wilmington Trust filed an answer to the Amended Complaint on June 26, 2017, denying any wrongdoing or liability and asserting certain affirmative defenses;

WHEREAS, a consolidated Second Amended Class Action Complaint was filed on November 2, 2017 (the "Operative Complaint");

WHEREAS, Wilmington Trust filed an Answer to the Operative Complaint on November 16, 2017, denying any wrongdoing or liability and asserting certain affirmative defenses;

WHEREAS, the parties conducted extensive discovery, including third-party discovery and expert discovery, and prepared motions for summary judgment and made pre-trial submissions;

WHEREAS, on December 10, 2019, the Court entered an Order granting Plaintiff's Motion for Class Certification;

WHEREAS, on January 28, 2020, the Court entered an Order amending the caption of the consolidated action to remove Lyle J. Guidry as a Named Plaintiff;

WHEREAS, Wilmington Trust continues to deny all material allegations in the Operative Complaint and, more generally, denies any wrongdoing or liability with respect to the MRMC ESOP, including the MRMC ESOP's acquisition in 2012 and 2013 of the stock of Martin Resource Management Corporation. Wilmington Trust maintains that, at all relevant times, it has

2

acted reasonably and prudently with respect to the MRMC ESOP and the MRMC ESOP participants and beneficiaries and, further, that its actions at all times have complied with all applicable laws; and

WHEREAS, in 2017 and in 2018, the Parties, through their counsel, participated in arm's length and good faith settlement discussions and, in 2019, sought the assistance of Mediator Robert A. Meyer, Esq. Under the guidance of Mr. Meyer, the Parties reached an agreement in principle regarding settlement.

NOW, THEREFORE, it is agreed by the Parties, in consideration of the promises, covenants, and agreements herein stated, and for other good and valuable consideration, that the "Lawsuit" and "Released Claims" (as defined herein) shall be settled and dismissed on the merits and with prejudice in accordance with the following terms and conditions, all subject to the approval by the Court

1.      **Additional Definitions.**

1.1      "Class" shall mean "All persons who were participants in the MRMC ESOP between October 2, 2012 and December 10, 2019 and/or the beneficiaries of such ESOP participants. Excluded from the Class are Ruben S. Martin, III, Scott D. Martin, and their family, legal representatives, successors, heirs and assigns," as reflected in the Court's December 10, 2019 Order granting Plaintiff's Motion for Class Certification.

1.2      "Class Member" shall mean a member of the Class.

1.3      "Class Notice" shall mean notice of the Settlement to the Class in a form and substance substantially similar to Exhibit 1 hereto, to be provided the Class Members pursuant to the Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

1.4.    "Fairness Hearing" shall mean the hearing at which the Court will consider whether the Settlement should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.5    "Final" shall have the same meaning ascribed to "final" under 28 U.S.C. § 1291, and: (i) the time expired to file an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari or other writ ("Appeal Proceeding") with respect to a judicial ruling or order with no such Appeal Proceeding having been filed; or (ii) if an Appeal Proceeding has been filed with respect to such judicial ruling or order, (a) the judicial ruling or order has been affirmed without material modification and with no further right of review, or (b) such Appeal Proceeding has been denied or dismissed with no further right of review.

1.6    "Final Order" shall mean a final judgment and order of dismissal substantially similar to Exhibit 2 attached hereto which is to be entered by the Court finally approving the terms of this Settlement Agreement and dismissing the Lawsuit with prejudice.

1.7.    "Independent Fiduciary" shall mean Prudent Fiduciary Services.

1.8    "Lawsuit" shall mean the consolidated actions styled "Rodney Choate, on behalf of the MRMC ESOP, and on behalf of a class of other persons similarly situated, v. Wilmington Trust, N.A. as successor to Wilmington Trust Retirement and Institutional Services Company," Civil Action No. 17-250-RGA pending in the United States District Court for the District of Delaware.

1.9    "Plaintiff's Counsel" or "Class Counsel" shall mean Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP.

1.10    "Preliminary Approval Order" shall mean the order preliminarily approving the Settlement substantially in the form annexed as Exhibit 3 hereto.

1.11    "Released Claims" shall have the meaning set forth in Section 3.2.

4

1.12    "Releasees" shall have the meaning set forth in Section 3.1.

1.13    "Settlement" shall mean the settlement to be consummated under this Settlement Agreement.

1.14    "Settlement Administrator" shall mean Angeion Group.

1.15    "Settlement Amount" shall mean $19.5 million.

1.16    "Service Award" shall mean the amount requested by Plaintiff to be awarded to Rodney Choate in recognition of his service as a class representative.

2.    **Conditions to Finality of Settlement.**

The Settlement shall be final and unconditional when each of the following conditions in Sections 2.1 through 2.4 has been satisfied.  The Parties will use reasonable good faith efforts to cause each of the conditions to occur within the times indicated.

2.1. Condition #1: Court Approval.

The Settlement shall have been approved by the Court in accordance with the following steps:

2.1.1. Motion for Preliminary Approval of Settlement and of Notices.

On or before April 20, 2020, Plaintiff will file a motion ("Preliminary Approval Motion") with the Court for entry of the Preliminary Approval Order in the form annexed as Exhibit 4 hereto. Plaintiff shall give Defendant at least five (5) business days to review the Preliminary Approval Motion before filing. Defendant may, but shall not be required to, submit papers in connection with the Preliminary Approval Motion.

2.1.2. Service of Notice under the Class Action Fairness Act.

Defendant shall prepare and serve the notices required by CAFA, as specified by 28 U.S.C. § 1715, within ten (10) days after the Settlement Agreement is filed with the Court.

2.1.3. Preliminary Approval Order; Issuance of Class Notice.

The Court shall issue the Preliminary Approval Order, substantially in the form annexed as Exhibit 4 hereto. Subject to the requirements of the Preliminary Approval Order, Plaintiff shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice on a website at least ninety (90) days before the Fairness Hearing. The Parties will seek to set the Fairness Hearing for a date on or after September 8, 2020, which shall be at least ninety (90) days after the mailing of the Class Notice. The Parties will request that MRMC provide, or cause to be provided by the recordkeeper or third-party administrator for the MRMC ESOP, the names, last known mailing addresses of the Class Members, and (1) the number of vested shares of MRMC stock allocated to their ESOP account as of December 10, 2019, (2) if the Class Member received a prior distribution of the Class Member's entire account balance, the number of vested shares of MRMC stock allocated to their ESOP account as of the date of the prior distribution, and (3) the number of vested shares of MRMC stock allocated to each Class Member's account as of December 10, 2019 that had been previously allocated to other Class Members' accounts. The information in the preceding sentence shall be provided to the Settlement Administrator to the extent available with reasonable effort in electronic format, at least twenty-one (21) days prior to the deadline for mailing notice.[1] Any reasonable costs incurred by third parties (such as the Settlement Administrator or the MRMC ESOP's recordkeeper or third-party administrator) associated with the identification of Class Members, the determination of the number of vested shares or the dissemination of the Class Notice shall

---

[1] The Parties acknowledge that any information provided by MRMC for this purpose shall be treated as "Confidential" under the Stipulation and Order for the Production and Exchange of Confidential Information.  Plaintiff expressly acknowledges that the information may be used solely to deliver the class notice.

be paid from the Settlement Amount, but in no event shall such expenses include any ESOP trustee fees or legal fees incurred by MRMC.

### 2.1.4. Motion for Final Approval of Settlement.

Plaintiff will file a motion seeking final approval of the Settlement (the "Final Approval Motion") and for approval of attorneys' fees and expenses and the Service Award with the Court no later than forty-five (45) days before the Fairness Hearing date set by the Court in the Preliminary Approval Order. The language of the Final Approval Motion shall be subject to the review and input of Defendant, and Plaintiff shall give Defendant at least five (5) business days to review the Final Approval Motion before filing. Defendant may, but shall not be required to, submit papers in connection with the Final Approval Motion.

### 2.1.5. The Fairness Hearing.

At or after the Fairness Hearing, the Court will determine: (i) whether to enter the Final Order approving the Settlement and dismissing the Lawsuit; (ii) whether the distribution of the Settlement Amount and the Plan of Allocation should be approved; (iii) what attorneys' fees and expenses should be granted to Plaintiff's Counsel; and (iv) what, if any, Service Award should be awarded.

### 2.1.6. Entry of Final Order.

The Court shall have entered the Final Order.

2.2. Condition #2: Funding of Settlement Amount, Establishment of Money Market Fund Investment Option and Updated Valuation of MRMC Stock.

2.2.1 The Settlement Amount shall have been deposited into the Settlement Fund Account in accordance with Section 7.2 and 7.3.

2.2.2 Within ten (10) business days of the Final Order becoming Final, MRMC shall add a money market fund to the ESOP's investment lineup.

2.3.3  Within ten (10) business days of the Final Order becoming Final, MRMC, as plan administrator, shall obtain a valuation of the ESOP's MRMC stock as of the end of the last quarter prior to entry of the Final Order.

2.3. Condition #3 Independent Fiduciary Approval

2.3.1 The Independent Fiduciary shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the MRMC ESOP.

2.3.1.1  The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination

2.3.1.2  The Independent Fiduciary shall notify MRMC and Wilmington Trust of its determination in writing, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

2.3.1.3  Fees and expenses up to $25,000 that are associated with the Independent Fiduciary's determination will be paid from the Settlement Amount. Fees and expenses in excess of $25,000 shall be the responsibility of the Defendant.

2.3.1.4. Counsel for Wilmington Trust and Plaintiff's Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement.

2.3.1.5  Within ten (10) calendar days of receipt of the written determination by the Independent Fiduciary, Wilmington Trust shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the

determinations required by PTE 2003-39, and (c) notify Plaintiff's Counsel in writing of its conclusion in that regard.

2.4     Condition #4: Finality of Final Order.

The Final Order has become Final.

If Plaintiff and Defendant disagree as to whether each and every condition set forth in Section 2 herein has been satisfied or waived, they shall promptly confer in good faith and, if unable to promptly resolve their differences, shall present their disputes for determination to the Court.

**3.     Releases.**

3.1     Releases by Plaintiff and the Class.

Effective upon the entry of the Final Order, Plaintiff and the Class on behalf of the MRMC ESOP, themselves, their beneficiaries, heirs, executors, representatives, and assigns, absolutely and unconditionally release and forever discharge Wilmington Trust, MRMC, the shareholders of MRMC, and the named and functional fiduciaries of the MRMC ESOP and each of their respective parent companies, subsidiaries, affiliates, directors, officers, employees, agents, attorneys, relations, representatives, assigns, insurers and reinsurers (collectively, "Releasees"), from all Released Claims, as defined in section 3.2. Notwithstanding any other provision hereof, the Releases set forth in Section 3 will remain in effect during the pendency of any Appeal Proceeding of the Final Order. Only if any Appeal Proceeding results in a reversal or vacation of the Final Order will the Releases become void and lose their effect, at which time the provisions of Section 10 will become effective.

3.2     Released Claims.

The Released Claims shall include any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees,

9

disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief), that in any way relate to the MRMC ESOP's investment in the stock of MRMC during the Class Period, whether against Releasees in their capacity as individuals, corporate entities, or in their capacities as fiduciaries, whether known or unknown, in law or equity, which were or could have been asserted in the Lawsuit, including but not limited to claims related to the MRMC ESOP's acquisition of MRMC stock or the sale of stock by any MRMC shareholder (the "Released Claims"). In the event that any court with original or appellate jurisdiction over the Lawsuit issues a final determination that any portion of Section 3 herein is not enforceable, the Parties will jointly modify Section 3 herein to conform with such determination, and in any event portions of Section 3 herein that are enforceable shall remain enforceable.

Plaintiff hereby expressly waives, on his own behalf and on behalf of all Class Members and the MRMC ESOP, any and all rights and benefits respectively conferred by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

4. **Covenants.**

4.1     Covenants Not to Sue.

4.1.1     Plaintiff and all Class Members, and Plaintiff's Counsel covenant and agree, (i) not to file any claim or action against any Releasee based on a Released Claim; and (ii) that the foregoing covenant and agreement shall be a complete defense to any such lawsuit or claims against any of the Releasees, and shall bar any such lawsuit or claims.

4.1.2      Wilmington Trust covenants and agrees not to file any claim or action against Plaintiff or Plaintiff's Counsel relating to any claims, allegations, or conduct in the Lawsuit.

4.2      Taxation of Settlement Fund. Plaintiff acknowledges that Releasees have no responsibility for any taxes due on the Settlement Fund, on earnings on the Settlement Fund, or any amounts that Plaintiff receives from the Settlement Fund. Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

**5.**      **Representations and Warranties.**

5.1      Plaintiff's Representations and Warranties. Plaintiff represents and warrants on behalf of himself and all Class Members as follows:

5.1.1      That Plaintiff and his counsel have conducted an appropriate investigation and discovery, and have diligently litigated the Lawsuit.

5.1.2      That none of the Plaintiff's claims or causes of action made in the Lawsuit or that could have been alleged in the Lawsuit against any of the Releasees have been or will be assigned, encumbered, or in any manner transferred in whole or in part.

5.1.3      That Plaintiff shall have no surviving claim or cause of action against any of the Releasees with respect to the Released Claims.

5.2      Parties' Representations and Warranties.

The Parties, and each of them, represent and warrant:

5.2.1. That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among Plaintiff's Counsel and counsel for Defendant, with the assistance and recommendation of the Mediator, Robert A. Meyer, Esq.; that in executing this Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning

11

the nature, extent, and duration of their rights, obligations, and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representation, statement, or omission pertaining to any of the foregoing matters by any Party or by any person representing any Party to this Settlement Agreement. With respect to the Settlement, each of the Parties assumes the risk of mistake as to facts and/or law.

       5.2.2. That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each person executing this Settlement Agreement on behalf of such Party. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary or appropriate.

5.3     Signatories' Representations and Warranties.

Each person executing this Settlement Agreement on behalf of themselves or in a representative capacity do hereby personally represent and warrant that, to the best of his or her information and knowledge formed after reasonable inquiry, he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal for whom such individual represents or purports to represent.

**6.    <u>No Admission of Liability.</u>**

6.1    This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual, and are not admissions of any damages or losses. The Settlement Agreement, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Settlement Agreement, and any matters arising in connection with

settlement discussions or negotiations, proceedings, or agreements, shall not be construed, offered or received against or to the prejudice of the Parties for any purpose, and in particular:

6.1.1    do not constitute and shall not be deemed to constitute any liability or wrongdoing by any of the Releasees, or give rise to any inference of wrongdoing or liability under ERISA;

6.1.2    do not constitute, and shall not be offered or received against or to the prejudice of Releasees as evidence of any presumption, concession or admission by Releasees with respect to the truth of any allegation by Plaintiff or as alleged in the Lawsuit, or of any liability, damages, fault, omission, or wrongdoing of Releasees;

6.1.3    do not constitute, and shall not be offered or received against or to the prejudice of Plaintiff as evidence of any presumption, concession or admission by Plaintiff with respect to the truth of any allegation or affirmative defense by Defendant or as alleged in the Answer, or to limit any claim of damages or remedy requested by Plaintiff;

6.1.4    do not constitute and shall not be offered by or received against or to the prejudice of Releasees, in any other civil, criminal, or administrative lawsuit or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement.

6.2    Releasees may file this Settlement Agreement and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based in principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies. A Party may file this Settlement Agreement and/or the Final Order in any

action that the Party brings against another Party to enforce the terms of this Settlement Agreement and/or the Final Order.

### 7.    **The Settlement Fund Account.**

7.1     Plaintiff's Counsel or the Settlement Administrator shall establish at a federally chartered financial institution reasonably acceptable to Defendant (the "Financial Institution") an interest-bearing account (the "Settlement Fund Account"). The Parties agree that the Settlement Fund Account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1 and, after the Final Order becomes final, it will be a subtrust of the MRMC ESOP. Plaintiff's Counsel shall provide to the Defendant: (i) written notification of the date of establishment of the Settlement Fund Account; (ii) written notification of the following information regarding the Financial Institution and the Settlement Fund Account: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number; and (iii) any additional information needed to deposit the Settlement Amount into the Settlement Fund Account. Plaintiff's Counsel shall direct the Financial Institution to make distributions by wire transfer or check from the Settlement Fund only in strict accordance with the Settlement Agreement and Court Orders. No other disbursements may be authorized by Plaintiff's Counsel.

7.2     Ten (10) business days after the entry of the Preliminary Approval Order, Defendant shall make restitution by depositing $500,000 into the Settlement Fund Account; provided however, that if Plaintiff's Counsel has not yet provided the Defendant with the notifications and information required in (i)-(iii) in the preceding paragraph, then the deadline for the Defendant to make the deposit into the Settlement Fund Account, shall be extended to ten (10) business days after the date on which Plaintiff's Counsel provides the requisite notifications and information.

14

7.3     Not later than seven (7) business days after the entry of the Final Order by the Court, Wilmington Trust shall make further restitution by depositing $19,000,000 into the Settlement Fund Account.

7.4     The Settlement Amount deposited into the Settlement Fund Account will be considered to be in the legal custody of the Court until such time as such funds may be distributed pursuant to further order of the Court or pursuant to the terms of this Settlement Agreement. The Parties acknowledge and agree that Releasees shall have no authority, control or liability in connection with the design, management, administration, investment, maintenance, or control of the Settlement Fund Account, or for any expenses the Settlement Fund Account may incur or any taxes that may be payable to the Settlement Fund.

7.5     The Settlement Amount shall be the full and sole monetary contribution made by or on behalf of Releasees in connection with the Settlement. The Settlement Amount specifically covers any claims for attorneys' fees and litigation expenses by Plaintiff. Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with the Lawsuit and effectuating this Settlement Agreement and securing necessary Court orders and approvals with respect to the same.

**8.      Payments from the Settlement Fund Account.**

8.1     Administration Expenses. Plaintiff's Counsel may direct the Settlement Administrator in writing, without notice to Defendant or further order of the Court, to disburse from the Settlement Fund Account (i) the amount required for payment of any taxes owed on the Settlement Fund Account, (ii) amounts for the reasonable expenses of administering the Settlement Fund Account, including (a) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed; (b) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the

Settlement Fund Account; (c) fees charged and expenses incurred by the Financial Institution associated with the administration of the Settlement Fund Account; and (d) fees charged and expenses incurred by the Settlement Administrator, including reasonable costs incurred in preparing and mailing the Class Notice and any supplemental notice to the Class, in implementing the Plan of Allocation (as defined below) and in disbursing funds from the Settlement Fund Account; (iii) the fees charged by the Independent Fiduciary not to exceed $25,000; and (iv) the fees charged by the valuation firm to prepare the valuation of MRMC stock described in Section 8.2.2.2, not to exceed $80,000.

If the Settlement Agreement is terminated or does not become final for any reason after the expenditure of funds to pay for the reasonable costs associated with the Class Notice, Plaintiff's Counsel shall be obligated to instruct the Settlement Administrator (or an escrow agent, successor trustee, or other person with authority to disburse the funds) to return the funds remaining in the Settlement Fund Account to Defendant.

8.2      Disbursements from Settlement Fund Account.

8.2.1      Plaintiff's Counsel shall be entitled to seek Court approval of the disbursement of money from the Settlement Fund Account ten (10) business days after the entry of the Final Order, regardless of objections or appeal, to pay Attorney's Fees and Litigation Expenses approved by the Court, as provided in Section 9.1. Plaintiff's Counsel agree to return to the Settlement Fund Account any fees and expenses that are disbursed if the Settlement Agreement is terminated or does not become final or if the amount of Attorney's Fees or Litigation Expenses is reduced by a subsequent court order that is Final.

8.2.2      Plaintiff's Counsel shall be entitled to seek Court approval of the disbursement of money from the Settlement Fund Account after the Final Order is Final to:

8.2.2.1 Pay any Service Award approved by the Court. In recognition of his service as a class representative, Plaintiff Rodney Choate shall request a Service Award not to exceed $20,000.

8.2.2.2 For Payment to the Class. After the amounts payable pursuant to Sections 8.1 and 8.2.1 and 8.2.2.1 have been determined and disbursed, the net amount remaining in the Settlement Fund Account (the "Net Proceeds") shall be calculated by the Settlement Administrator. The Settlement Administrator shall implement the Plan of Allocation (defined below) and, thereby, determine how much of the Net Proceeds should be allocated to each Class Member in proportion to the vested company shares that he or she held in the MRMC ESOP, using the records available to it, and considering documents, if any, submitted by Class Members. The Settlement Administrator shall provide to the Trustee of the MRMC ESOP a spreadsheet reflecting each Class Member's allocable portion of the Net Proceeds. A Class Member's share of the Net Proceeds will be based on the number of vested shares of MRMC stock allocated to their ESOP account as of (1) December 10, 2019, or (2) if the Class Member received a prior distribution of the Class Member's account balance, the number of vested shares of MRMC stock allocated to their ESOP account prior to the date of any distributions, divided by the sum total of all such vested shares of MRMC stock of all Class Members, which shall constitute that Class Member's "Entitlement Percentage." The Settlement Class Member's settlement allocation shall be calculated by multiplying the total value of the Net Proceeds by his or her Entitlement Percentage ("Plan of Allocation"). MRMC shares allocated to Class Members' accounts as of December 10, 2019 that had been previously allocated to other Plan participants' accounts but re-allocated due to forfeiture shall not be included in the share count for purposes of calculating each Class Member's allocable portion. The allocable portion of the Net Proceeds of those Class Members with an existing account in the MRMC ESOP shall be

contributed to their ESOP account and either invested in MRMC stock or in a money market fund based on the election of such Class Members.  If a Class Member with an existing account in the MRMC ESOP does not make an election, then the allocable portion of the Net Proceeds for such Class Member will be contributed to their ESOP account in MRMC stock. For Class Members who receive their allocable portion in MRMC stock, the number of shares allocated to their account will be based on the per share value of MRMC stock as determined by a valuation of MRMC stock as of the end of the last quarter prior to the date of the Final Order.  The allocable portion of the Net Proceeds of those Class Members without an existing account in the MRMC ESOP shall be distributed by check to those Class Members directly by the Settlement Administrator, unless the Class Member elects to rollover such amounts into an eligible retirement account, but Releasees and the Settlement Administrator shall have no responsibility or liability for or in connection with the determination of whether or not the Class Member is eligible to elect such a rollover.  Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's counsel also shall have no responsibility or liability for or in connection with the calculations and distributions of the Net Proceeds among and to the Class Members. Plaintiff's Counsel and the Settlement Administrator shall be responsible for preparing and disseminating all communications and election forms to Class Members. The Trustee of the MRMC ESOP and any third party administrator shall have no responsibility or liability for or in connection with the calculation, allocation within the ESOP, or distribution of the Net Proceeds as among or to the Class Members, except that, in the event of an error by the Trustee of the MRMC ESOP or by a third party administrator in the distribution from the ESOP following payment to it of the Net Proceeds allocable among the Class Members, the Trustee of the MRMC ESOP shall correct the error within a reasonable amount of time.

8.2.2.3 Neither Wilmington Trust, Plaintiff's Counsel nor the Settlement Administrator shall have any responsibility for determining the value of MRMC stock allocated to those Class Members with an existing account balance in the MRMC ESOP. The Plan Administrator of the MRMC ESOP, with the assistance of the valuation firm retained under Section 8.2.2.2, shall determine the fair market value of MRMC stock allocated to those Class Members with an existing account balance in the MRMC ESOP.

8.2.2.4 Should the Court reduce the Attorneys' Fees and Expenses sought by Plaintiffs' Counsel or the requested Service Award to the Plaintiff, the amount of such reduction shall not revert to any of the Releasees, but instead shall be added to the Net Proceeds.

**9.** **Attorneys' Fees and Litigation Expenses and Service Awards.**

9.1     Payment of Plaintiff's Attorneys' Fees and Litigation Expenses and Service Awards. Plaintiff's Counsel may apply to the Court for an award of attorneys' fees and for reimbursement of litigation expenses, including the cost and expense of any service company, expert, or consultant retained by Plaintiff's Counsel. The aggregate amount of the attorneys' fees and litigation expenses shall not exceed $6 million. Plaintiff also may apply to the Court for a Service Award. Plaintiff's Counsel shall file their application for attorneys' fee and litigation expenses and for the Service Award no later than forty-five (45) days before the Fairness Hearing and, thereafter, shall be entitled to receive attorneys' fees and litigation expenses and the class representative shall be entitled to Service Award from the Settlement Fund Account to the extent awarded by the Court. Defendant shall take no position with respect to Plaintiff's Counsel's application for attorneys' fees and litigation expenses or for the Service Award. Defendant does not agree or concede that the amount of attorneys' fees and/or any expenses that may be sought by Plaintiff's Counsel or the Service Award are appropriate or reasonable, but simply takes no position.

9.2     Separate Consideration. The procedure for and allowance or disallowance by the Court of Plaintiff's application for attorneys' fees and litigation expenses and for the Service Award are a separate part of the Settlement set forth in this Settlement Agreement, but are separate from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceeding relating to any application for attorneys' fees, litigation expenses in an amount less than the amount requested by Plaintiff's Counsel or request for the Service Award, or any appeal from any order relating thereto or reversal or modification, thereof, shall not operate to terminate or cancel the Settlement Agreement, or affect or delay the finality of the Final Order approving the Settlement Agreement and the Settlement set forth herein. If at the time of any disbursement from the Settlement Fund Account there shall be a pending application for attorneys' fees or expenses or the Service Award, there shall be reserved in the Settlement Fund Account an amount equal to the amount of the pending application, until such time as the Court shall rule upon such application and, with respect to the Service Award, such ruling shall become Final.

**10.     Termination of the Settlement Agreement.**

10.1     Termination. This Settlement Agreement may be terminated by either Party if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Plaintiff's Counsel or Defendant's Counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

10.2     Consequences of Termination of the Settlement Agreement. If the Settlement Agreement is terminated, the following shall occur:

20

10.2.1      Plaintiff's Counsel or Defendant's Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the Defendant, except for amounts disbursed or incurred pursuant to Section 8.1.

10.2.2      The Lawsuit shall for all purposes revert to its status as of the day immediately before December 11, 2019 and the Parties shall request a scheduling conference with the Court. In any subsequent proceeding, the terms of this Settlement Agreement shall not constitute nor be construed as an admission by any Party, nor be used against any Party, in any manner, whether as evidence or argument.

10.2.3      The Settlement shall be deemed void and of no further force and effect.

**11.      Miscellaneous Provisions.**

11.1      Continuing Jurisdiction of the Court. The Court shall retain jurisdiction over this Lawsuit to resolve any dispute that may arise regarding the Settlement Agreement, the Class Notice, the Final Order, or any other matters relating thereto, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement.

11.2      Required Disclosures. The parties acknowledge and agree that (i) they shall be authorized to disclose the fact of the Settlement and the Settlement Amount; and (ii) they may make such public filings and accompanying public statements as required to be made under applicable law concerning the Settlement upon execution of this Settlement Agreement and the filing of this Settlement Agreement with the Court for preliminary approval. Neither Plaintiff nor Plaintiff's Counsel shall issue a press release. Nothing in this paragraph is intended to limit or restrict Class Counsel's ability to communicate with Class members.

11.3    Complete Resolution. The Parties intend the Settlement of the Lawsuit to be the full, final and complete resolution of the Released Claims and the Lawsuit. The Parties and their counsel agree that they shall not make any applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or other court rule or statute, with respect to any claim or defense in this Lawsuit.

11.4    Governing Law. The construction, interpretation, operation, effect and validity of this Settlement Agreement and all documents necessary to effectuate it, shall be governed by the law of the State of Delaware, without giving effect of laws or choice of law provisions thereof, except to the extent the laws of the United States, including federal common law, governs any matter set forth herein, in which case federal law shall govern.

11.5    Severability. The provisions of this Settlement Agreement are not severable.

11.6    Destruction or Return of Protected Materials. Within sixty (60) calendar days after the Final Order become Final, the Parties shall fully comply with the applicable provisions of the Protective Order concerning the destruction or return of protected materials.

11.7    Amendment of Settlement Agreement. Before the entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties and approved by the Court. Amendments or modifications may be made without notice to the Class Members unless notice is required by law or the Court.

11.8    Waiver. The provisions of this Settlement Agreement may be waived only in writing executed by the waiving party. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

11.9    Retention of Privilege. Nothing in this Settlement Agreement, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

11.10   Construction. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statue, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.11   Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement.

11.11.1    Headings. The headings of this Settlement Agreement are for purposes of reference only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

11.11.2    Terms of Inclusion. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather be deemed to be followed by the words "without limitation." The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a sentence or clause all subject matter that might otherwise be construed to be outside of its scope. The terms "herein," "hereof," and the like shall be deemed to refer to this Settlement Agreement as a whole.

11.12   Further Assurances. Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver each other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement, so long as such

23

documents and actions are consistent with the terms of this Settlement Agreement and do not effectively result in a material modification of the terms of this Settlement Agreement.

11.13   Survival. All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement.

11.14   Entire Agreement.

11.14.1   All of the recitals and exhibits to the Settlement Agreement are material and integral parts hereof and are, except as set forth, fully incorporated herein by this reference.

11.14.2   The Parties acknowledge that this Settlement Agreement specifically supersedes any settlement terms or settlement agreements that were previously agreed upon orally or in writing by any of the Parties regarding the issues of the Settlement.

11.15   Counterparts. This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. Signatures sent by e-mail "PDF" shall be deemed originals.

11.16   Successors and Assigns. This Settlement Agreement shall be binding upon, and insure to the benefit of, the successors and assigns of the Parties.

11.17   Binding Effect. This Settlement Agreement shall be binding when signed, but the Settlement shall be effective only on the condition that the Court approves the Settlement Agreement and satisfaction of Section 2 herein.

11.18   Notices. Any notice, demand, or other communication under this Settlement Agreement (other than the Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the

intended recipients as set forth below and personally delivered, sent by registered or certified

mail (postage prepaid), or delivered by reputable express overnight courier:

IF TO PLAINTIFF:
Daniel Feinberg
Feinberg Jackson Worthman & Wasow LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704

Gregory Y. Porter
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW,
Suite 540
Washington, DC 20007

IF TO DEFENDANT

Michael J. Prame
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006

      IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement

effective April 15, 2020.

_____
Daniel Feinberg (pro hac vice)
Todd Jackson (pro hac vice)
**Feinberg, Jackson, Worthman & Wasow LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7988
Facsimile: (510) 269-7994
dan@feinbergjackson.com
todd@feinbergjackson.com


_____
Gregory Y. Porter (pro hac vice)
Ryan T. Jenny (pro hac vice)
Patrick O. Muench (pro hac vice)
**Bailey & Glasser, LLP**
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101

intended recipients as set forth below and personally delivered, sent by registered or certified

mail (postage prepaid), or delivered by reputable express overnight courier:

IF TO PLAINTIFF:
Daniel Feinberg
Feinberg Jackson Worthman & Wasow LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704

Gregory Y. Porter
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW,
Suite 540
Washington, DC 20007

IF TO DEFENDANT

Michael J. Prame
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006

       IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement

effective April 15, 2020.


_____
Daniel Feinberg (pro hac vice)
Todd Jackson (pro hac vice)
**Feinberg, Jackson, Worthman & Wasow LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7988
Facsimile: (510) 269-7994
dan@feinbergjackson.com
todd@feinbergjackson.com


_____
Gregory Y. Porter (pro hac vice)
Ryan T. Jenny (pro hac vice)
Patrick O. Muench (pro hac vice)
**Bailey & Glasser, LLP**
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101

Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

David A. Felice (#4090)
**Bailey & Glasser, LLP**
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, DE 19808
Telephone: (302) 504-6333
Facsimile: (302) 504-6334
dfelice @baileyglasser.com

*For Named Plaintiff and the Class*

_____

Michael J. Prame (*pro hac vice*)
Sarah M. Adams (*pro hac vice*)
Sarah M. Humble (*pro hac vice*)
**Groom Law Group, Chartered**
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
mprame@groom.com
sadams@groom.com
shumble@groom.com

_____

*Attorneys for Defendant*
*Wilmington Trust, N.A.*

Wilmington Trust, N.A.

By: _____

Its:  Group Vice President

# EXHIBIT 1

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.

You are receiving this notice because the records of the MRMC Employee Stock Ownership Plan indicate that you were a participant in the Plan at some time during the period October 2, 2012 through December 10, 2019 ("Class Period"). Your rights may be affected by a proposed class action settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement if you disagree with its terms, and what deadlines apply to the right to object to the proposed settlement.**

### WHAT THIS LAWSUIT IS ABOUT

Plaintiff Rodney Choate ("Plaintiff"), a participant in the MRMC Employee Stock Ownership Plan ("the Plan") sponsored by Martin Resource Management Corporation ("MRMC"), filed this lawsuit against Wilmington Trust, N.A. ("Wilmington Trust"), in the U.S. District Court for the District of Delaware (the "Lawsuit"). The Lawsuit claims that Wilmington Trust violated a federal statute, the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the Plan's acquisition of MRMC stock in in October 2012 and December 2013, for total payments of approximately $375.5 million (the "ESOP Transactions"). Specifically, Plaintiff alleges that Wilmington Trust violated its duties ERISA § 404, 29 U.S.C. § 1104, and ERISA § 406, 29 U.S.C. § 1106, when it, among things, approved a purchase price for MRMC stock that exceeded fair market value.

Wilmington Trust denies all of Plaintiff's allegations in the Lawsuit, denies any wrongdoing regarding the ESOP Transactions, and has vigorously defended itself in the Lawsuit.

### THE TERMS OF THE SETTLEMENT

To avoid the additional expense, delay, and uncertainty of the outcome of the Lawsuit, Plaintiff and the Class defined below, and Wilmington Trust have agreed to a Settlement that provides payments to Class Members. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated April 15, 2020 ("Settlement Agreement"), and are summarized below. The complete Settlement Agreement is available at [website] or from Class Counsel.

1.      **The Class Covered by the Settlement**. On December 10, 2019, the Court granted Plaintiff's Motion for Class Certification. The Class is defined as: "All persons who were participants in the MRMC ESOP between October 2, 2012 and December 10, 2019 and/or beneficiaries of such ESOP participants. Excluded from the Class are Ruben S. Martin III, Scott D. Martin, and their family, legal representatives, successors, heirs, and assigns." Whether or not

a person meets this definition will be based on the Plan's records. You have received this Notice because, based upon those records, you are believed to be a member of the Class. You do not have the right to exclude yourself from the Class or the benefits of the Settlement. This Lawsuit was certified as a mandatory ("non-opt-out") class action.

2. **The Payment and Allocation of the Settlement Fund**:

(a) Under the Settlement, Wilmington Trust will make a payment of $19,500,000 (the "Settlement Amount") to the Settlement Fund.

(b) The Settlement Amount, plus any accrued interest, shall be the "Gross Settlement Fund."

(c) The "Net Proceeds" shall be the Gross Settlement Fund less:

(1) Administrative Expenses, which include amounts required to pay taxes, administer the Settlement Fund Account, issue notice of the Settlement and communicate with Class Members, and make payments to the Class Members;

(2) Class Counsel's attorneys' fees and expenses, which together shall not exceed $6,000,000;

(3) The cost of an independent fiduciary to review the settlement not to exceed $25,000;

(4) The cost of a valuation firm to determine the value of MRMC stock not to exceed $80,000; and

(5) A Service Award to the Named Plaintiff in an amount not to exceed $20,000.

(d) The Net Proceeds will be distributed to Class Members in accordance with the Plan of Allocation approved by the Court, a copy of which is available on the website established by the Settlement Administrator as indicated below. A Class Member's share of the Net Proceeds will be based on the number of vested shares of MRMC stock allocated to their ESOP account as of (1) December 10, 2019, or (2) if the Class Member received a prior distribution of the Class Member's account balance, the number of vested shares of MRMC stock allocated to their ESOP account prior to the date of any distributions, divided by the sum total of all such vested shares of MRMC stock of all Class Members, which shall constitute that Class Member's "Entitlement Percentage." The Settlement Class Member's settlement allocation shall be calculated by multiplying the total value of the Net Proceeds by his or her Entitlement Percentage.

Forfeited shares that were reallocated to Class Members shall not be included in the total of vested shares allocated to a Class Member's account balance.

Class Members will not need to submit a claim to receive their allocable portion of the Settlement. Their allocated portion will be calculated based on the Plan's records. For Class Members with accounts in the Plan as of December 10, 2019, their allocable portion of the Settlement shall be contributed to their ESOP account and, until retirement or otherwise eligible for a distribution, invested in MRMC stock or in a money market fund within the ESOP based on the election of such Class Members. If a Class Member with an existing Plan account does not make an election, then the allocable portion of the settlement for such Class Member will be contributed to their ESOP account in MRMC stock. The share price for MRMC shares shall be based on a special valuation of MRMC stock as of the end of the last quarter prior to the date the Court enters an order granting final approval to the settlement. Class Members who no longer have an account in the Plan will receive a payment from the Settlement Administrator, with the option, if eligible, to deposit the funds in an eligible retirement account.

**Neither Plaintiff nor Wilmington Trust makes any representations regarding the future performance of MRMC stock. Class Members who currently have an account in the Plan may seek independent financial advice in deciding whether to elect to invest their settlement payment in a money market fund or MRMC stock.**

An election form is included with this Notice. Class Members who currently have an account in the Plan can also make their election online at www.XXXXYYY.com. Class Members who currently have an account in the Plan will need to return the election form or make their election online by May XX, 2020.  As described above, if a Class Member who has an account in the Plan does not return the election form by that date, then his or her settlement allocation will be contributed to their ESOP account in MRMC stock.

Class Members who do not currently have an account in the Plan and who wish to roll over their settlement allocation to an eligible retirement account will need to make an election by returning the election form by May XX, 2020. If a Class Member who does not currently have an account in the Plan does not return the election form by that date, then his or her settlement allocation will be paid in cash less tax withholding.

       **3.**      **Release of Claims**. In exchange for payment of the Settlement Amount by Wilmington Trust and satisfaction of the conditions contained in the Settlement Agreement, all Class Members (and their beneficiaries, heirs, executors, representatives, and assigns) and the Plan will release (or give up) any claims that in any way relate to the MRMC ESOP's investment in MRMC stock during the Class Period, including but not limited to claims related to the MRMC ESOP's acquisition of MRMC stock or the sale of stock by any MRMC shareholder. Class Members and their beneficiaries, heirs, executors, representatives, and assigns and any successor trustee will be prohibited from filing or pursuing any other lawsuits or actions based on such claims against Wilmington Trust, MRMC, the shareholders of MRMC, and the named

and functional fiduciaries of the MRMC ESOP and each of their respective parent companies, subsidiaries, affiliates, directors, officers, employees, agents, attorneys, relations, representatives, assigns, insurers and reinsurers. The Releases and the Covenant Not to Sue are set forth in full in the Settlement Agreement, which can be viewed online at [website], or requested from Class Counsel.

## STATEMENT REGARDING THE POTENTIAL OUTCOME OF THE LAWSUIT

As with any Lawsuit, the Plaintiff and Wilmington Trust would face an uncertain outcome if the Lawsuit were not settled. Continued litigation could result in a judgment greater or less than the amount obtained in the Settlement, or in no recovery at all. The Plaintiff and Wilmington Trust disagree about whether Wilmington Trust did anything wrong, and they do not agree on the amount, if any, that would be recoverable even if Plaintiff prevailed at trial. Wilmington Trust has denied, and continues to deny, all claims and contentions of the Plaintiff in the Lawsuit, has denied, and continues to deny, any wrongdoing or liability whatsoever, and is entering into the Settlement solely to avoid the cost, disruption and uncertainty of litigation. A settlement avoids the expense, further delay and uncertainty of a trial and gives money to Class Members more quickly. The Plaintiff and the attorneys for the Class think the Settlement is best for all Class Members.

## THE SETTLEMENT APPROVAL PROCESS

The Court has granted preliminary approval of the proposed Settlement and has approved this Notice to the Class. The Settlement will not take effect, however, until it receives final approval from the Court after an opportunity for Class Members to object, as described below. Following the deadline for objecting to the Settlement, the Court will hold a Fairness Hearing on _____, 2020 at the United States District Court, located at 844 N King Street, Courtroom 6A, Wilmington, Delaware 19801 in Courtroom 6A. The date and location of the Fairness Hearing is subject to change by order of the Court, which will appear on the Court's docket for this Lawsuit.

## THE OPPORTUNITY TO OBJECT TO THE SETTLEMENT

If you are a Class Member, you can object to the Settlement if you do not like any part of it. To object, you must send your objection to the Clerk, U.S. District Court for the District of Delaware, 844 North King Street, Unit 18, Wilmington, Delaware 19801, and to the Parties at the following addresses:

**To Class Counsel:**

Gregory Y. Porter
Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007

Daniel Feinberg
Feinberg, Jackson, Worthman & Wasow LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704

**To Defendant's Counsel:**

Michael Prame
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006

Settlement Administrator

Angeion Group
P.O. Box 0000
City, State 00000-0000

Objections must be filed with the Court by _____, (21 days before the Fairness Hearing). Objections filed after that date will not be considered. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Choate v. Wilmington Trust N.A.*, Cons. Case No. 17-250-RGA); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all supporting documents.

Any Class Member who files and serves a written objection in accordance with the above paragraph may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing.  Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to

Class Counsel and the payment of a Service Award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing

The Court will consider Class Member objections in deciding whether to grant final approval. Class Members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

### ATTORNEYS' FEES AND SERVICE AWARDS FOR NAMED PLAINTIFF

The attorneys for the Plaintiff and the Class ("Class Counsel") are:

> Gregory Y. Porter
> Ryan T. Jenny
> Patrick O. Muench
> Bailey & Glasser, LLP
> 1055 Thomas Jefferson Street, NW
> Suite 540
> Washington, DC 20007
>
> Daniel Feinberg
> Todd Jackson
> Feinberg, Jackson, Worthman & Wasow LLP
> 2030 Addison Street, Suite 500
> Berkeley, CA 94704
>
> David A. Felice
> Bailey & Glasser, LLP
> Red Clay Center at Little Falls
> 2961 Centerville Road, Suite 302
> Wilmington, DE 19808

Class Counsel will seek an award of attorneys' fees and reimbursement of their litigation expenses, totaling no more than $6 million of the Settlement Amount. Class Counsel's litigation expenses include the cost and expense of process servers, travel, court reporters and transcripts, and experts retained by Class Counsel. Class Counsel shall also seek a Service Award for the named Plaintiff from the Settlement Amount of up to $20,000. The fee application and supporting papers will be filed on or before 45 days before the Fairness Hearing. After that date you may review the application and supporting papers at [website]. You may file an objection to the request for attorneys' fees and expenses and to the Service Award under the same procedures for objecting to the Settlement. Any attorneys' fees, expenses and Service Award approved by the Court, and the expenses incurred by the Settlement Administrator in sending this Notice and otherwise administering the Settlement, will be paid from the Gross Settlement Fund.

## GETTING MORE INFORMATION

You can visit the website at [website], where you will find the full Settlement Agreement, the Court's order granting Preliminary Approval of the Settlement, this Notice, and other relevant pleadings and documents. If you cannot find the information you need on the website, you may also contact Class Counsel for more information.

## WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated address or other information.  You may do so by email to the following email address: XXXX@YYYYY.com or by U.S. Mail to the following mailing address:  Choate v. Wilmington Trust, N.A., Settlement Administrator, Angeion Group, P.O. Box 0000; City, State 00000-0000.

**Please do not contact the Court, Wilmington Trust, MRMC or Wilmington Trust's Counsel. They will not be able to give you additional information.**

Dated: _____, 2020

By Order of the United States District Court
District Judge Richard G. Andrews

_____

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| RODNEY CHOATE, on behalf of the MRMC ESOP, and on behalf of a class of other persons similarly situated, | |
| Plaintiff, | Cons. Case No. 17-250-RGA |
| v. | |
| WILMINGTON TRUST, N.A. as successor to Wilmington Trust Retirement and Institutional Services Company, | |
| Defendant. | |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Rodney Choate ("Plaintiff" or "Class Representative") submitted a Motion for Final Approval of the Settlement ("Final Approval Motion") set forth in the Class Action Settlement Agreement dated April 15, 2020 (the "Settlement Agreement"). Class Counsel also has submitted to the Court their Unopposed Motion For An Order Awarding Attorneys' Fees and Costs And Expenses To Class Counsel, and A Service Award to Class Representative ("Class Counsel Fees and Costs and Service Award Motion").

On _____, 2020, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. The Court also approved the procedure for giving Class Notice to the members of the Class as certified by the Court by Order dated December 10, 2019, and set a Final Approval Hearing to take place on _____, 2020. The Court finds that due and adequate notice was given to the Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Class, and supporting affidavits.

On _____, 2020, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and any award to the Class Representative for his representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      **Definitions.**  This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2.      **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Lawsuit and over all parties to the Lawsuit, including all Class Members, and venue in this Court is proper.

3.      **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4.      **Class.**  On Decmeber 10, 2019, the Court certified a Class consisting of "All persons who were participants in the Martin Resource Management Corporation Employee Stock

Ownership Plan (ESOP) between October 2, 2012 and the date of this Order [December 10, 2019] and/or beneficiaries of such ESOP participants. Excluded from the Class are Ruben S. Martin III, Scott D. Martin, and their family, legal representatives, successors, heirs, and assigns."  D.I. 135.

5.  **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointment of the Plaintiff Rodney Choate as Class Representative, and the law firms of Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel.

6.  **Settlement Approval.**  Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7.  **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the Released Claims of all Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed.

8.  **Releases.**  The releases as set forth in section 3 of the Settlement Agreement are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in section 3 of the Settlement Agreement, including but not limited to the definitions of Released Claims and Releasees.  The Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

9.      **Bar Order.**  Plaintiff and all Class Members are hereby barred and enjoined from filing any claim or action against any Releasee based on, relating to, or arising from any Released Claim.  The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Releasees.

10.     **Approval of Class Notice.**  The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11.     **Attorneys' Fees and Expenses.**  Plaintiff and Class Counsel have moved for an award of attorneys' fees in the amount of $_____, and costs and expenses of $_____. The Court has considered this application separately from this Judgment. The Court finds that an award of $_____ in  attorneys' fees, and $_____ in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

12.     **Service Award.**  The Court further finds that a Service Award for Mr. Choate in the amount of $_____, is fair and reasonable, and the Court approves the Service Award in this amount. The Court directs the Settlement Administrator to disburse that amount to Mr. Choate from the Settlement Amount as provided in the Settlement Agreement.

13.     **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or

concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit.  In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Lawsuit, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

14.     **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

15.     **Termination of Settlement.**  This Settlement Agreement may be terminated by either Party if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Class Counsel or Defendant's Counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

If the Settlement Agreement is terminated, the following shall occur: (i) Class Counsel or Defendant's Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the Defendant, except for amounts disbursed or incurred pursuant to Section 8.1 of the Settlement Agreement; (ii) the Lawsuit shall

for all purposes revert to its status as of the day immediately before January 28, 2020, and the

Parties shall request a scheduling conference with the Court; and (iii) the Settlement shall be

deemed void and of no further force and effect

      16.    **Implementation of the Agreement.**  The Parties are hereby authorized to

implement the terms of the Agreement.

      17.    **Reasonable Extensions.**  Without further order of this Court, the Parties may

agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

      18.    **CAFA Notice.**  Wilmington Trust has provided notification to all appropriate

federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

      19.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this

Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

      20.    **Action Closed.**  The Clerk of the Court is hereby directed to close the Action.

**IT IS SO ORDERED.**


DATED: _____

                          _____

                          THE HONORABLE RICHARD G. ANDREWS
                          UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RODNEY CHOATE, on behalf of the MRMC ESOP, and on behalf of a class of other persons similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A. as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>　　　Defendant. | Cons. Case No. 17-250-RGA |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED NOTICE OF SETTLEMENT**

Plaintiff Rodney Choate ("Plaintiff" or "Class Representative") has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Class Action Settlement Agreement dated April 15, 2020 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this action. The Court having read and considered the Settlement Agreement and the exhibits thereto,

IT IS HEREBY ORDERED that:

1.　**Settlement.** Plaintiff, on behalf of himself and all members of the Class, and Defendant Wilmington Trust, N.A. ("Wilmington Trust"), have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Wilmington Trust and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Class.** The Court previously certified a Class defined as:

> All persons who were participants in the MRMC ESOP between October 2, 2012 and December 10, 2019 and/or the beneficiaries of such ESOP participants. Excluded from the Class are Ruben S. Martin, III, Scott D. Martin, and their family, legal representatives, successors, heirs and assigns.

D.I. 134. The Court appointed the Plaintiff Rodney Choate as Class Representative, and the law firms of Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP, as Class Counsel. *Id.*

6. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on _____, 2020, at _____.m., at the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Courtroom 6A, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph

2

1.6 of the Settlement Agreement should be entered; (iii) whether Class Members should be bound by the Releases set forth in Paragraph 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representative for his representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

7.      **Class Notice.** The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1. The Court further finds that the form, content and mailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

8.      **Settlement Administrator**. The Court appoints Angeion Group ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

a.   At least ninety (90) days before the Fairness Hearing (the "Notice Date"), Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Class;

b.   the Class Notice shall be substantially in the form of Exhibit 1 to the Settlement Agreement (though the Settlement Administrator shall have discretion to format

the Class Notice in a reasonable manner to minimize mailing or administration

costs), by first class U.S. mail to each individual Class Members;

c.   Following the issuance of the Class Notice, the Settlement Administrator shall

provide counsel with written confirmation of the mailing; and

d.   The Settlement Administrator shall otherwise carry out its duties as set forth in

the Settlement Agreement.

9.   **Objections.** Any Class Member may object to the proposed Settlement, or any

aspect of it including attorneys' fees and expenses, and Service Awards, by filing a written

objection with the Clerk of the United States District Court for the District of Delaware, United

States District Court for the District of Delaware, 844 North King Street, Unit 18, Wilmington,

Delaware 19801, on or before twenty-one (21) calendar days before the Fairness Hearing. A

copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is

received on or before twenty-one (21) calendar days before the Fairness Hearing. To be valid,

the objection must set forth, in clear and concise terms: (a) the case name and number (*Choate v.*

*Wilmington Trust N.A.*, Cons. Case No. 17-250-RGA); (b) the name, address, and telephone

number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the

complete basis for objection; (d) a statement of whether the objector intends to appear at the

Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies

only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all

supporting documents. Any Class Member who does not make his or her objection in the manner

provided shall be deemed to have waived such objection, shall not be permitted to object to any

terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from

making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as

incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for their his representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing.

10.  **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 9 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

11.  **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement and Class Counsel's application for attorneys' fees and expenses and Class Representative Service Award shall be filed and served no later than forty-five (45) calendar days prior to the Fairness Hearing and any responsive papers shall be filed and served no later than twenty-one (21) calendar days prior to the Fairness Hearing.

12.  **Fees, Expenses, and Awards.** Neither Wilmington Trust nor the Releasees shall have any responsibility for any application for attorneys' fees and expenses or Service Award

request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Award to the Class Representative for his representation of the Class, should be approved.

13.     **Releases.** If the Settlement is finally approved, the Plaintiff and the Class shall release the Releasees from all Released Claims and all Class Members will be bound by the Final Approval Order.

14.     **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

15.     **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

16.     **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

17.     **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

18.     **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**IT IS SO ORDERED**


Dated: _____          _____
                                     THE HONORABLE RICHARD G. ANDREWS
                                     UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| RODNEY CHOATE, on behalf of the MRMC ESOP, and on behalf of a class of other persons similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A. as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>      Defendant. | Cons. Case No. 17-250-RGA |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED NOTICE OF
SETTLEMENT**

Plaintiff Rodney Choate ("Plaintiff" or "Class Representative") has moved, pursuant to

Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this

Action, in accordance with the Class Action Settlement Agreement dated April 15, 2020 (the

"Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and

conditions for a proposed settlement of this action. The Court having read and considered the

Settlement Agreement and the exhibits thereto,

IT IS HEREBY ORDERED that:

1.    **Settlement.** Plaintiff, on behalf of himself and all members of the Class, and

Defendant Wilmington Trust, N.A. ("Wilmington Trust"), have negotiated a potential settlement

to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to

resolve the Released Claims (as defined in the Settlement Agreement) against Wilmington Trust

and the other Releasees (as defined in the Settlement Agreement).

2.      **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.      **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4.      **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5.      **Class.** The Court previously certified a Class defined as:

> All persons who were participants in the MRMC ESOP between October 2, 2012 and December 10, 2019 and/or the beneficiaries of such ESOP participants. Excluded from the Class are Ruben S. Martin, III, Scott D. Martin, and their family, legal representatives, successors, heirs and assigns.

D.I. 134. The Court appointed the Plaintiff Rodney Choate as Class Representative, and the law firms of Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP, as Class Counsel. *Id*.

6.      **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on _____, 2020, at _____.m., at the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Courtroom 6A, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph

1.6 of the Settlement Agreement should be entered; (iii) whether Class Members should be bound by the Releases set forth in Paragraph 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representative for his representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

7.    **Class Notice.** The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1. The Court further finds that the form, content and mailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

8.    **Settlement Administrator**. The Court appoints Angeion Group ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

a.    At least ninety (90) days before the Fairness Hearing (the "Notice Date"), Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Class;

b.    the Class Notice shall be substantially in the form of Exhibit 1 to the Settlement Agreement (though the Settlement Administrator shall have discretion to format

the Class Notice in a reasonable manner to minimize mailing or administration

costs), by first class U.S. mail to each individual Class Members;

c.   Following the issuance of the Class Notice, the Settlement Administrator shall

provide counsel with written confirmation of the mailing; and

d.   The Settlement Administrator shall otherwise carry out its duties as set forth in

the Settlement Agreement.

9.     **Objections.** Any Class Member may object to the proposed Settlement, or any

aspect of it including attorneys' fees and expenses, and Service Awards, by filing a written

objection with the Clerk of the United States District Court for the District of Delaware, United

States District Court for the District of Delaware, 844 North King Street, Unit 18, Wilmington,

Delaware 19801, on or before twenty-one (21) calendar days before the Fairness Hearing. A

copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is

received on or before twenty-one (21) calendar days before the Fairness Hearing. To be valid,

the objection must set forth, in clear and concise terms: (a) the case name and number (*Choate v.*

*Wilmington Trust N.A.*, Cons. Case No. 17-250-RGA); (b) the name, address, and telephone

number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the

complete basis for objection; (d) a statement of whether the objector intends to appear at the

Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies

only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all

supporting documents. Any Class Member who does not make his or her objection in the manner

provided shall be deemed to have waived such objection, shall not be permitted to object to any

terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from

making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as

4844-2253-4586, v. 1

incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for their his representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing.

10. **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 9 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

11. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement and Class Counsel's application for attorneys' fees and expenses and Class Representative Service Award shall be filed and served no later than forty-five (45) calendar days prior to the Fairness Hearing and any responsive papers shall be filed and served no later than twenty-one (21) calendar days prior to the Fairness Hearing.

12. **Fees, Expenses, and Awards.** Neither Wilmington Trust nor the Releasees shall have any responsibility for any application for attorneys' fees and expenses or Service Award

4844-2253-4586, v. 1

request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Award to the Class Representative for his representation of the Class, should be approved.

13.     **Releases.** If the Settlement is finally approved, the Plaintiff and the Class shall release the Releasees from all Released Claims and all Class Members will be bound by the Final Approval Order.

14.     **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

15.     **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

16.     **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

17.     **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

18.     **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**IT IS SO ORDERED**


Dated: _____          _____
                                    THE HONORABLE RICHARD G. ANDREWS
                                    UNITED STATES DISTRICT JUDGE